## In the Matter of the Estate of BENJAMIN STERN, Deceased.

Surrogate's Court, New York County, August 20, 1934.

*Cohen, Cole, Weiss & Wharton* [*Robert E. Samuels* and *Myer D. Mermin* of counsel], for the executors.

*George B. Class,* for Aline Lithauer, petitioner.

*Max D. Steuer* [*Henry Klein* of counsel], for Edna Lithauer Monfort, legatee.

*Willard A. Mitchell,* for Irma R. de Graffenried and another.

*Wolf & Kohn* [*Walter J. Wolf* and *Herbert W. Haldenstein* of counsel], for Marion K. Schiffer.

*Whitman, Ransom, Coulson & Goetz,* for Myron Schafer.

*Tanner, Sillcocks & Friend,* for the Union Dime Savings Bank.

*Travis, Brownback & Paxson,* for Mary T. S. Haines.

*Stroock & Stroock,* for Montefiore Hospital.

*Emanuel van Dernoot,* for the Convalescent Home for Hebrew Children, legatee.

*Cardozo & Nathan,* for the Jewish Social Service Association.

*Cadwalader, Wickersham & Taft,* for The Bowery Savings Bank and another.

*Wilson M. Powell,* for the Colored Orphan Asylum and Society for the Benefit of Colored Children in the City of New York.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the Maternity Centre Association.

*Henry F. Wolff,* for the Mt. Sinai Hospital, general legatee.

Foley, S. The questions raised upon this accounting proceeding are disposed of as follows:

(1) I hold that under the language of the will of Madeleine S. Stern, the widow and the donee of the power of appointment under the testator's will, she clearly intended that the real property contained in her individual estate and the real property in the donor's estate should be exempt from the payment of all administration expenses, debts or claims, taxes and legacies whatsoever.

Under paragraph third of her will she specifically provided in unambiguous language that the general legacies shall be paid, *first,* from the property (other than the real property) of her late husband's estate, and that if such estate (other than real property) should not be sufficient for the payment of such legacies in full, the deficiency should be paid from her own property (other than real property). Her intention not to charge the real estate with the payment of general legacies is further emphasized in paragraph fifth of her will, wherein she provided that none of the gifts and legacies " shall be a lien or charge upon any of my real property nor upon any of the real property of the estate of my late husband with respect to which I have said power of appointment." It must be assumed that she had in mind that there might be a deficiency in the payment of the general legacies since administration expenses, debts and taxes must first be paid out of her personal estate. Under paragraph sixth of her will, she expressly relieved her real property

from the imposition or charge of Federal and State taxes. It is evident that she desired to keep the real property of both the donor's estate and her own estate intact for the specific devisees of her residuary estate. Accordingly, I hold, under the express provisions of the will of the donee, to effectuate her intent, and under the rule that the assets of the donor's and the donee's estate should be marshalled for the purpose of carrying out the testamentary intent of the donee, that there should be paid out of the personal estate of the donee, *first*, all administration expenses; *second*, the debts against her estate; *third*, all Federal and State taxes. If her personal estate is insufficient to pay in full the debts, they shall be paid out of the personal estate of the donor. If, again, the personal estate of the donee is insufficient for the payment of the Federal and State taxes in full, then the deficiency shall be paid out of the personal property of the donor's estate, and shall be charged, pursuant to section 124 of the Decedent Estate Law, *pro rata* against the general legatees in proportion to the benefits they receive under the will.

(2) I hold that the mortgage of $130,000 held by the testator's estate upon the widow's real property at Roslyn, Long Island, was included as an asset in the personal estate of the donor. During the lifetime of the widow there was no merger of the mortgage with the fee. The mortgage was valid at its inception as a secured obligation of the widow to her husband's estate. At her death, under the residuary clause, the equity in the property above the mortgage passed to her residuary devisees. The mortgage remained a part of the personal property over which she had the power of appointment. She might have given it to her devisees under her will, but she did not do so. Her residuary devisees, therefore, take the realty subject to the mortgage as any other devisee of mortgaged property.

(3) I hold that the legacy of $15,000 to Isaac Rosenstock, who predeceased the widow, vested in equal parts in his son, Edward A. Rosenstock, and his daughter, Alice Hess. It clearly appears that subdivision 8 of paragraph third of the will of the donee contemplated a *stirpital* distribution to the issue of a legatee who predeceased her, and not a *per capita* distribution generally to issue.

(4) Claim is made by Clarice MacLevy, Edna L. Monfort and Aline Lithauer that the legacies to them are preferred because they were special objects of bounty of the testator and testatrix. As to the testator, the donor, I hold as a matter of law that since the property passed under the donee's will, the claimants could not rely upon any special degree of affection or support by the testator in his lifetime. As to the donee, the claimants must submit extrinsic evidence tending to substantiate the priority which they seek.

(*Matter of Lloyd*, 166 App. Div. 1.)   Since objections have been filed by them and other claims asserted by them as alleged creditors of the estate, the issue as to priority and the issues raised by their objections and other objections to the account  as well as the question as to whether any reserve should be set up against certain contingent liabilities under sections 207 and 269 of the Surrogate's Court Act will be referred to a referee to hear and determine.

Submit intermediate decree on notice construing the will and order of reference accordingly.